UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CONNIE M. SMITH )
 )
v. ) NO. 2:05-CV-78
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

**MEMORANDUM OPINION**

The plaintiff Connie M. Smith has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Smith was born in 1958 and was 45 years old at the time of her administrative hearing. [Tr. 387]. She graduated high school and has relevant past work experience as an accountant and controller. [Tr. 18]. Ms. Smith alleges she is disabled as of August 21, 2001, from post traumatic stress disorder [PTSD], chronic shingles, post herpetic neuralgia, depression, and an anxiety disorder. [Tr. 17]. Based upon a finding that her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. Smith was not disabled as defined

by the Social Security Act. [Tr. 18-19].

At Ms. Smith's administrative hearing held on February 11, 2004, the testimony of Ms. Smith and vocational expert Jane Hall was received into evidence. [Tr. 387-410]. Ms. Smith testified she last worked in August 2001 and believes she can no longer work because of depression, PTSD, shingles, and panic attacks. [Tr. 387-88]. When she experiences an outbreak of shingles, Ms. Smith spends a lot of time in bed because she is so fatigued from the pain. [Tr. 390]. Ms. Smith testified she was sexually abused by her step-father from age 7 to age 14 and is depressed and suffers from PTSD as a result. [Tr. 393]. Ms. Smith's mother lives with her and her husband and performs all of the housekeeping. [Tr. 397]. She is able to attend church services two or three times a month. [Tr. 399].

Vocational expert Jane Hall testified next that Ms. Smith's past relevant work as an accounting clerk was semi-skilled and sedentary and her past relevant work as an accountant and controller was skilled and sedentary. [Tr. 407]. She also testified that someone who was restricted from performing a job with light or minimal stress would be unable to work as an accountant or controller but could work as an accounting clerk. [Tr. 408].

The ALJ ruled that Ms. Smith was not disabled because her severe impairments of recurrent herpes zoster with post-herpetic neuralgia were not severe enough to

2

warrant a finding of disability. [Tr. 18-19]. The ALJ then found Ms. Smith retained the residual functional capacity [RFC] to perform semi-skilled and medium work that would allow her to adapt to gradual or infrequent changes. [Tr. 21]. With those limitations, Ms. Smith could return to her past relevant work as an accounting clerk. [Tr. 22].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Smith requests summary judgment and challenges the ALJ's determination that she could return to her past relevant work as an accounting clerk. Specifically, she states the ALJ erred by rejecting the opinion of Dr. R.A. Maierhofer, Ph.D., when he evaluated her RFC. Dr. Maierhofer's wrote in May 2002:

3

> In terms of employment and making occupational adjustments, [Ms. Smith] would be able to follow work rules and judgment skills were seen as appropriate. Concentration abilities appeared adequate. She would have trouble dealing with other workers and supervisors, and she would not be able to handle any stress on the job. She would be able to understand job directions, but she would have trouble sustaining herself at work. She takes adequate care of her grooming and hygiene. Her emotional stability was seen as limited. Her reliability on a job would be a problem because of her shingles and panic attacks. [Tr. 263].

The ALJ found these opinions inconsistent with Ms. Smith's "lack of consistent mental health treatment and longitudinal course of care. [The doctor's] opinion appears to be based entirely on subjective complaints." [Tr. 21]. Ms. Smith was not receiving any mental health treatment in 2002, although she did receive counseling in the early 1980s. [Tr. 261]. Ms. Smith's doctor referred her to a psychiatrist in March 2002, but Ms. Smith did not follow up with that referral. [Tr. 249]. Her general doctor, rather than a psychiatrist, prescribed her anti-anxiety and antidepressant medication. [Tr. 261]. In addition, Dr. Maierhofer's opinion that Ms. Smith could not handle stress on the job was inconsistent with the activities she reported to him in which she was engaged. For example, she told the doctor she cleans the house and home schools her granddaughter each day and grocery shops once every two weeks. [Tr. 262]. She also cooks, washes dishes, sweeps, vacuums, does the laundry, makes

4

her bed, takes out the garbage, and takes care of a cat and a dog. [*Id*.]. Based on that compilation of almost daily activities, it is hard to conceive why Dr. Maierhofer believed that Ms. Smith was incapable of sustaining herself at work or was unable to handle any stress. Because the doctor's opinion was not supported by the medical evidence, the ALJ was correct in disregarding it.

Ms. Smith also requests a remand for the consideration of new evidence pursuant to 42 U.S.C. § 405(g). This court may remand this case to the Commissioner upon a showing by Ms. Smith that this new evidence is material to her case and that there was good cause for her failure to include this evidence earlier. 42 U.S.C. § 405 (g). Evidence is new only when it was not in existence *and* not available prior to an ALJ's decision. *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Evidence is material if there is a reasonable probability the ALJ would have reached a different decision had the additional evidence been presented. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

Ms. Smith asks this court to consider August 2004 hospital records and treatment notes from July through November 2004. [Tr. 344-47, 349-51, 353-60, 362-80]. While this evidence is new because it did not exist and was not available prior to the ALJ's decision, it is not material because it concerns developments in Ms. Smith's condition past the relevant date of August 21, 2001, the date by which she has

indicated she was already disabled. *Sizemore v. Sec. of Health and Human Srvcs.*, 865 F.2d 709, 712 (6th Cir. 1988). As such, Ms. Smith's request for a remand pursuant to 42 U.S.C. § 405(g) is denied.

After careful consideration of the entire record of proceedings related to this case, Ms. Smith's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

       ENTER:

                                  s/Thomas Gray Hull
                                  THOMAS GRAY HULL
                                     SENIOR U. S. DISTRICT JUDGE